UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN THE MATTER OF THE PETITION

    of

JOHN W. DANFORTH GROUP, INC. TO
PERPETUATE TESTIMONY PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 27

**DECISION AND ORDER**
13-MC-33S

**I. INTRODUCTION**

1.    Pending before this Court is the verified petition of John W. Danforth Group, Inc., seeking an order pursuant to Rule 27 of the Federal Rules of Civil Procedure to perpetuate evidence in anticipation of an as-yet unfiled employment discrimination action against it. Petitioner has also moved for expedited treatment of its petition. For the reasons that follow, the petition is denied and dismissed.

2.    Rule 27(a) permits a court to grant limited discovery prior to the filing of a complaint where a petitioner expects to be a party in a federal court action, "but is presently unable to bring it or cause it to be brought." Fed. R. Civ. P. 27(a)(1). Although this rule refers generally to depositions and testimony, a court may properly order the preservation, or 'perpetuation,' of other evidence, including ordering the production of documents or mental and physical examinations. See Rule 23(a)(3)("the court may issue orders like those authorized by Rules 34 and 35"); In re Liquor Salesmen's Union Local 2D Pension Fund, No. 12-CV-2786, 2012 WL 2952391, *2 n. 4 (E.D.N.Y. July 19, 2012). It is within the discretion of the reviewing court to grant discovery under Rule 27 "if it is satisfied that a failure or delay of justice may thereby be prevented." Messeller v. United States, 158 F.2d

380, 382 (2d Cir. 1947); see Rule 23(a)(3); Norex Petoleum Ltd. v. Access Indus., 620 F. Supp. 2d 587, 591 (S.D.N.Y. 2009); General Bd. of Global Ministries of the United Methodist Church v. Cablevision Lightpath, Inc., No. CV 06-3669, 2006 WL 3479332, *4 (E.D.N.Y. Nov. 30, 2006).

3. Here, Petitioner anticipates being named as a defendant in an employment discrimination lawsuit by a former female employee. The potential federal action is portended by the fact that Petitioner is currently named in a complaint by this employee before the Equal Employment Opportunity Commission ("EEOC") asserting claims of sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. As alleged in the current petition, upon receipt of the EEOC complaint, Petitioner undertook to preserve evidence relevant to the allegations therein and, through counsel, interview potential employee witnesses. Each known witness was issued a "litigation hold letter," informing him or her of a duty to prevent the deletion or destruction of any potentially relevant information. One such witness, a male coworker allegedly present during some of the challenged conduct, indicated during an interview with counsel that he socialized with the EEOC complainant outside of work and communicated with her on his personal mobile phone. In a later interview, the coworker answered that he did not utilize any social media websites, a fact Petitioner knew to be false based on a prior discovery that the coworker and the complainant "were Facebook friends." (Pet. ¶¶ 7, 9.)

Petitioner also arranged for backups of employees' computers and mobile devices, both company-owned and personal, to be made in order to preserve any relevant electronically stored information, or "ESI", on those devices. The coworker complied with

2

the request for his company computer, but refused to turn over his personal mobile phone or allow for a backup of that device to be made. The coworker informed Petitioner "that the only way he would provide a backup of his personal mobile device(s) was if a court order required him to do so." (Pet. ¶ 13.)

4.      As a result of this refusal, Petitioner requests that this Court order the coworker to provide Petitioner with all of the personal mobile devices utilized by him to communicate with the complainant or, alternatively, provide Petitioner with a forensic image of such devices. Petitioner argues that "it is reasonable to conclude that [the coworker] used his personal mobile device(s) to exchange text messages or emails, or communicate via social media using his personal mobile device concerning the allegations found in [the] EEOC Complaint." (Pet's Mem of Law at 8-9.) Further, based on the coworker's misrepresentations "concerning his interactions and communications with [the EEOC complainant], particularly with regard to Facebook[,] . . . there is an imminent concern that [the coworker] may delete or destroy potentially relevant information contained on his personal mobile device(s)." (Id. at 9.) Accordingly, Petitioner asserts that the Rule 27 order is necessary in order to prevent a failure or delay of justice.

5.      Initially, the Court finds that the EEOC complaint establishes a likelihood that Petitioner will be named a party in a Title VII action, over which federal courts have jurisdiction. Further, Petitioner, as the defendant, cannot cause the action to be brought, particularly where the complainant herself cannot commence the action until she receives a right to sue letter from the EEOC. see generally E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 291, 122 S.Ct. 754, 151 L. Ed. 2d 755 (2002) (an employee must obtain a right to sue letter from the EEOC prior to commencement of a related civil action).

Nonetheless, the Court concludes that Petitioner failed to establish that this order is necessary in order to prevent a failure or delay of justice. "Rule 27 was enacted to provide parties with an equitable means to preserve evidence that would otherwise be destroyed, not a short-cut to full discovery." In re Liquor Salesmen's Union, 2012 WL 2952391 at *3. In contrast to the broad post-complaint discovery available under Rule 26, relief under Rule 27 should be granted only in special circumstances to preserve evidence that would otherwise be lost. Id.; In re Yamaha Motor Corp., 251 F.R.D. 97, 99 (N.D.N.Y. 2008). Thus, courts require that a petitioner must make a particularized showing that intervention prior to commencement of an action is necessary to preserve the subject evidence. Norex Petroleum Ltd., 620 F. Supp. 2d at 591; In re Yamaha Motor Corp., 251 F.R.D. at 99; Hardin-Warfield v. Mosby, No. 5:05CV161, 2006 WL 1366727, *3 (S.D. Miss. May 18, 2006); Application of Checkosky, 142 F.R.D. 4, 7-8 n.2 (D.D.C. 1992). Common elements satisfying this particularization requirement include "geographical or jurisdictional constraints, a deponent's advanced age or illness, or actual destruction of evidence." In re Liquor Salesmen's Union, 2012 WL 2952391 at *3; see Mosseller, 158 F.2d at 382 (unfavorable medical prognosis for injured witness necessitated Rule 27 order); In Re Town of Amenia, 200 F.R.D. 200, 202-3 (S.D.N.Y. 2001)(particularized need established by witness's "advanced age" and adverse medical history, including multiple heart attacks); In re Campania Chilena de Navegacion, No. 03-CV-5382, 2004 WL 1084243, *4 (E.D.N.Y. Feb. 6, 2004) (pre-action intervention warranted where potential witnesses were foreign nationals whose departure from the country was imminent). Indeed, Cablevision Lightpath, Inc, a case on which Petitioner relies, is an excellent example of a showing of particularized need: there, the petitioner established that, "without court intervention, the

4

[requested] information would be lost, since Cablevision routinely destroys such data in the ordinary course of its business after 90 days." 2006 WL 3479332 at *4.

In contrast, generalized statements of concern that requested evidence might be destroyed are insufficient to warrant pre-complaint intervention. Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 976 (11th Cir. 1985) (assertion that petitioner "was genuinely concerned that the documents in [a respondent's] possession could be destroyed" insufficient to warrant Rule 27 order), *cert denied*, 474 U.S. 1082 (1986); In re Yamaha Motor Corp., 251 F.R.D. at 100 (proffer that there "may be a delay in justice, standing alone, is conclusory"); In re Liquor Salesmen's Union, 2012 WL 2952391 at *4 (pre-action discovery denied where no facts were alleged that the requested evidence would in fact be or was even in danger of being lost); Hardin-Warfield, 2006 WL 1366727 at *3 (petitioner's "reasonable concern" that evidence might be destroyed based on respondent's prior unlawful acts insufficient to justify Rule 27 order).  In the instant case, Petitioner's concern that the coworker might delete or otherwise destroy data on his mobile phone or phones falls within this latter category.  Even considering the coworker's alleged misrepresentation, this speculation is insufficient to warrant pre-action intervention under Rule 27, particularly where Petitioner admits that the coworker stated that he would allow a backup of his mobile device(s) to be made if a court order required him to do so. (Pet. ¶ 13.) Moreover, given that mistrust is common in the anticipation of any litigation, to grant relief on mere generalized concerns could impermissibly widen the scope of Rule 27's limited application. The petition must therefore be denied.

IT HEREBY IS ORDERED that the Petition for an order pursuant to Rule 27 (Docket No. 2) is DENIED on the merits and the motion to expedite resolution of same (Docket No.

4) is DENIED as moot;

FURTHER, Petitioner is directed to serve copies of this order on those parties that have already been served with copies of the petition;

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:  June 30, 2013
         Buffalo, New York

                                                   /s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                       Chief Judge
                                                United States District Court